BOTZUM BROTHERS CO. v. BRANDAU

Ohio Appeals, 9th Dist., Summit Co.

No. 1020. Decided May 28, 1925

755. MECHANICS' LIENS—Where material men or sub-contractors give receipts to principal contractor showing full payment, and the owner depending upon the receipts pays principal who absconds; said material men are estopped from asserting their liens against said owner.

RICHARDS, J.

Botzum Bothers Co. brought its action against Henry Brandau in the Summit Common Pleas to foreclose a lien claimed to exist in its favor for materials furnished to the principal contractor. Similar claims are set up by way of cross-petition. Brandau the owner, averred that the lien claimants were estopped from securing mechanics' liens.

It seems that one Frank Fay was the principal contractor with whom Brandau contracted to construct his building. It was conceded that the Botzum Co. and the other lien claimants were material men and had taken proper steps to secure liens upon the premises. On Nov. 10, 1923, Fay asked Brandau for money on his contract, and he was paid the balance due upon presentation of the receipted bills of the lien claimants, which were stamped paid by them. Fay said that he was going to pay the material men, for the sum given him was more than sufficient to pay the claim of the claimants seeking to assert liens as material men. A few days later it developed that Fay had made payments to the several lien claimants by his personal check, given on a bank in which he had no account. Within a few days after checks were given, Fay absconded, and the checks were never paid.

The trial court found the issues in favor of Brandau, holding the claimants were estopped from asserting their claims and waived same.

The case was appealed and Brandau contended that he was misled by the receipts given by the lien claimants showing that their claims had been satisfied; that he made payments relying on their receipts and that having made such payments they were estopped from enforcing their liens. Botzum Co. and other lien claimants contended that under the mechanics' lien statute, any payments made by the owner were unlawfully made unless the contractor had first furnished the written sworn statement and certificate required by that statute. The Court of Appeals held:

The owner, Brandau and the lien claimants were all innocent parties. The wrongful act and fraudulent conduct of Fay has resulted in damage. The active conduct of the lien claimants in furnishing the contractor with written receipts showing that they had received their pay in full, enabled him to defraud the owner. Under such circumstances the lien claimants ought in justice and equity, to be estopped from asserting their claims against the owner, Brandau.

Section 8312 GC. authorizes the principal contractor to furnish a receipt from a material man which shall have the same effect as a written waiver of lien or a written release. It is clear that if such release has been acted upon by the owner and the money disbursed by him in the exercise of ordinary care in reliance thereon, the claimants would be precluded from securing a lien.

The mechanics' lien statute cannot be construed as a protection for those who certify in writing that they have been paid in full, where such certificate results in payment by owner to principal contractor, the owner being free of negligence and acting in good faith. Therefore the various lien claimants are estopped from asserting liens against the property and an order cancelling their respective liens should be entered.

Attorneys—May & May for Botzum Brothers Co.; Carl M. Myers and Geo. McCammont for Hudson Lumber Co; E. C. Housel for Brandau; all of Akron.